# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:12cr0274 |
|---|---|---|
| VERSUS | * | JUDGE FOOTE |
| GARY JEFFERSON BYRD | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by defendant, Gary Jefferson Byrd ("Byrd"). [rec. doc. 37]. The government filed Opposition. [rec. doc. 39]. Oral argument on the Motion was held on April 4, 2013 and the Motion was taken under advisement. [rec. doc. 49]

For the following reasons, it is **RECOMMENDED** that the Motion to Dismiss [rec. doc. 37] be **DENIED.**

## BACKGROUND

On October 9, 2012, the defendant, Gary Jefferson Byrd, was indicted on two child pornography counts. Count 1 charges Byrd with possession of child pornography images and movies stored on computer compact disks (CDs) and DVDs on September 20, 2012, in violation of 18 U.S.C. § 2252A(a)(5)(B). Count 2 charges Byrd with receiving child pornography beginning on February 29, 2008 and continuing until April 22, 2011, in violation of 18 U.S.C. § 2252A(a)(2)(A).[1] [rec. doc. 12]. On December 11, 2012, a

---

[1] Prior to indictment, Byrd was the subject of a criminal complaint, alleging the same offenses. [rec. doc. 1].

Superceding Indictment was returned, charging the same two substantive counts. [rec. doc. 24].

The indictment stems from two searches, the September 20, 2012 search of Byrd's residence, and the subsequent search of Byrd's computer, pursuant to search warrants issued by the undersigned.  During the search, the government seized numerous CDs containing videos of young, naked boys, engaging in a number of activities, including swimming nude, lounging in a sauna nude, and sitting on certain pastry items so that the pastries were lodged between their buttocks and against the anus.[2]

By this Motion, Byrd argues that 18 U.S.C. § 2252A is unconstitutionally vague and overbroad because "child pornography" is not sufficiently specifically defined by the term "lascivious exhibition of the genitals" by a minor.

## LAW AND ANALYSIS

18 U.S.C. § 2252A criminalizes the knowing possession and receipt of "child pornography" through the mail.   "Child pornography" is defined as "any visual depiction . . . of sexually explicit conduct" involving a minor.  18 U.S.C. § 2256(8).   "[S]exually

---

[2]In the affidavits in support of the warrants, the postal inspector described the content of three of the videos purchased by Byrd in great detail, including allegations that these videos contained images of "minor boys seen naked" with "several close-ups of the minors' genitals and pubic area" while eating desserts and, thereafter, sitting on, and placing the desserts in their anuses, "boys completely naked for most of the film" wherein "[t]he camera often focuses on the boys' genitals and buttocks", and "completely nude boys for most of the film" with "the camera is trained on the one [boy] touching his genitalia" as that as a young boy walks around naked holding his penis while the camera "focuses on the boy's penis and records the scene." *See* 12-su-151 and 12-su-158.  Additionally, several still shots from these videos are contained on attachment C to the first affidavit.

explicit conduct" is defined as, *inter alia*, the "lascivious exhibition of the genitals or pubic area. . . ."  18 U.S.C. § 2256(2)(A)(v).

In essence, Byrd asserts that 18 U.S.C. § 2252 is unconstitutional because the term "lascivious" is too vague, and that this alleged vagueness leads to overbreadth.

 In *United States v. X–Citement Video*, 513 U.S. 64, 78–79, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994), the United States Supreme Court held that the use of the term "lascivious" to define prohibited material is constitutional on its face.  In an unpublished decision, the Fifth Circuit has likewise found that *X-Citement Video* forecloses a facial challenge to the use of the term "lascivious" to define prohibited material.  *United States v. Hill*, 142 Fed.Appx. 836, 837-838 (5th Cir. 2005) (unpublished).  Moreover, every Circuit Court which has addressed this issue has held that the term in not unconstitutionally vague or overbroad.  *See United States v. Knox,* 32 F.3d 733, 752 and fn. 17 (3rd Cir. 1994) *citing United States v. O'Malley*, 854 F.2d 1085, 1086–87 (8th Cir. 1988) and *United States v. Wiegand*, 812 F.2d 1239, 1243-1244 (9th Cir. 1987)*; United States v. Wolf*, 890 F.2d 241 (10th Cir. 1989) *citing United States v. Freeman*, 808 F.2d 1290, 1292 (8thy Cir. 1987) and *Weigand, supra*.

The undersigned is compelled by these cases to hold that the term "lascivious" is not unconstitutionally vague, nor is it overbroad on its face.  Therefore, the indictment in this case, which tracks the wording of § 2252A charging Byrd with both possession and

receipt of "child pornography" as statutorily defined, is not subject to dismissal on these grounds.

To the extent that Byrd makes an "as applied" challenge, that argument is likewise without merit.  To demonstrate that the statute is unconstitutionally vague as applied to him, Byrd "must show that he could not have reasonably understood that his conduct was prohibited by the statute." *United States v. Wicker*, 933 F.2d 284, 288 (5th Cir. 1991).  In this case, Byrd has not made this showing.  In *United States v. Hill*, the Fifth Circuit rejected the defendant's "as applied" challenge for vagueness based on the images at issue, the defendant's testimony and the "commonsensical" meaning of the term.  *Hill,* 142 Fed.Appx. at 838.

"Lascivious" has been defined as tending to excite lust; lewd; indecent; obscene; sexual impurity; tending to deprave the morals in respect to sexual relations; licentious. *United States v. Grimes,* 244 F.3d 375, 381(5th Cir. 2001) *citing* Blacks Law Dictionary 882 (6th ed. 1990).  As used in the child pornography statutes, the ordinary meaning of "lascivious exhibition" of the genitals or pubic area "means a depiction which displays or brings forth to view the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *Id*.  Stated differently, a "lascivious exhibition" is a picture of a child's sex organs "presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur." *Weigand,* 812 F.2d at 1244.

"Whether an image depicts a 'lascivious exhibition of the genitals' is an intensely fact-bound question . . . left to the factfinder to resolve, on the facts of each case, applying common sense.'" *United States v. Schuster*, 706 F.3d 800, 806 (7th Cir. 2013) *citing United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2011). The Fifth Circuit has applied the *Dost* factors to assess lasciviousness.  *United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011) *citing United States v. Dost*, 636 F.Supp. 828 (S.D. Cal. 1986), *aff'd* 813 F.2d 1231 (9th Cir. 1987).[3]  However, as noted by Judge Higginbotham in his concurring opinion in *Steen*, court's should not rely excessively on judicially created factors to define terms such as "lascivious" that "lay people are perfectly capable of understanding." *Steen*, 634 F.3d at 828-829 (Higginbotham, J., concurring).

The undersigned viewed  the still shots from the videos contained on attachment C to the affidavit in support of the first search warrant and has again viewed these images in ruling on the pending Motion.  Those images, whether reviewed under the *Dost* factors or

---

[3]The *Dost* factors are as follows:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
4) whether the child is fully or partially clothed, or nude;
5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Steen,* 634 F.3d at 826. This list "is not exhaustive, and no single factor is dispositive." *Id.*  at 827.  Any determination of lasciviousness must "be made based on the overall content of the visual depiction." *Id.*

in light of the commonsensical meaning of the statutory terms,  clearly depict "lascivious exhibitions of the genitals" of minors and, hence, constitute child pornography.

The images are of completely naked boys, the focal point of which is often the genitals and pubic area of the boys.  Some of the photos appear to be posed by the photographer; some of the pictures prominently display the boys' genitals.  It appears to the undersigned that the pictures were presented by the photographer for an audience that consists of "himself or like-minded pedophiles . . . as to arouse or satisfy the sexual cravings of a voyeur." *See Knox*, 32 F.3d at 747 *citing Wiegand*, 812 F.2d at 1244; *see also Schuster*, 706 F.3d at 807 (noting that "the intent and motive of the photographer can be a relevant consideration in evaluating" images [because] children typically are not mature enough to project sexuality consciously . . . [and] it is often the photographer who stages the picture in such a way as to make it sexually suggestive. Thus, in some circumstances, the intent and motive of the photographer, by putting the images in context, place an important gloss on whether the relevant factors point to lasciviousness.") (internal citations omitted).  Indeed, considering the entirety of the images, it is clear to the undersigned that these images were taken to elicit a sexual response in the viewer.  To find otherwise would ignore the obvious exploitative nature of the depictions.

In sum, when these images are  viewed together considering the *Dost* factors and the "commonsensical" meaning of "lascivious," Byrd, or anyone in these circumstances,

could reasonably understand that the images contained lascivious exhibitions of the minors' genitalia or pubic areas.  This is particularly the case here, given that this Court's records indicate that Byrd has previously been convicted of knowingly receiving child pornography through the mail, under that same statute charged herein, for which Byrd served a ten year sentence.  *See United States v. Byrd*, 6:92-cr-60025 (W.D. La.), *aff'd,* 31 F.3d 1329 (5th Cir. 1994).  Therefore, under the facts of this case, the statute is not unconstitutionally vague or overbroad as applied to Byrd.[4]

For the above reasons, **IT IS RECOMMENDED** that the Motion to Dismiss filed by defendant Gary Jefferson Byrd [rec. doc. 37] be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either**

_____

[4]The determination by the Court that the subject photographs constitute child pornography as defined by 18 U.S.C. § 2252A is made solely for the purpose of this Motion to Dismiss.  This finding by the undersigned is not intended to constitute a finding of fact which is binding on the jury at trial.

the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Lafayette, Louisiana, June 5, 2013.


C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

8